UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SANDRA WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:18-CV-00291-SPM |
| | ) |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Andrew M. Saul, the Commissioner of Social Security, denying the application of Plaintiff Sandra Wright ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). Because the Commissioner's final decision is not supported by substantial evidence on the record as a whole, the Court will reverse the decision and remand the matter for further proceedings.

**I.   BACKGROUND**

On June 8, 2016, Plaintiff applied for DIB, alleging a disability onset date of October 12, 2015, and asserting disability due to sarcoidosis, irritable bowel syndrome, carpal tunnel syndrome, bilateral tennis elbow, reverse cervical spinal fusion, lumbar degenerative disc disease,

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in person occupying the office of Commissioner of Social Security).

and fibromyalgia. (Tr. 12, 46-47). Her application was initially denied on September 9, 2016. (Tr. 10). Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ"). On May 8, 2018, following a hearing at which Plaintiff, who was represented by counsel, testified, the ALJ found Plaintiff was not under a "disability" as defined in the Act. (Tr. 10-19). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's ("SSA") Appeals Council. On October 16, 2018, the SSA's Appeals Council denied her Request for Review. (Tr. 1-4). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481; *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

With regard to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties in their respective statements of facts and responses. The Court will address specific facts related to the issues raised by Plaintiff as needed in the discussion below.

## II. STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the

immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); [2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities;" if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648

---

[2] All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

3

F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, October 12, 2015; that Plaintiff has the severe impairments of lumbar degenerative disc disease, status post cervical spinal fusion, status post bilateral carpal tunnel release, and fibromyalgia; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 12-14). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that she can lift and carry only 20 pounds occasionally or 10 pounds frequently; can sit for six hours; stand or walk for six hours out of an eight-hour workday; can only occasionally reach overhead bilaterally, can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; and is limited to only frequent fingering and handling bilaterally. (Tr. 14-15). The ALJ found that

4

Plaintiff is unable to perform any of her past relevant work. (Tr. 18). However, relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff would be able to perform occupations including router (Dictionary of Occupational Titles ("DOT") No. 222.587-038, light exertion level, 76,400 jobs in the national economy), mail clerk (DOT No. 209.587-034, light exertion level, 51,200 jobs in the national economy); and retail price marker (DOT No. 209.587-034, light exertion level, 71,400 jobs in the national economy). (Tr. 19). The ALJ concluded that Plaintiff had not been under a disability, as defined in the Act, from October 12, 2015, the alleged onset date, through May 8, 2018, the date of her decision. (Tr. 19).

### IV. STANDARD FOR JUDICIAL REVIEW

The decision of the Commissioner must be affirmed if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Substantial evidence 'is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012) (quoting *Moore*, 572 F.3d at 522). In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's

5

decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

V. **DISCUSSION**

Plaintiff argues that the ALJ reached a flawed RFC assessment because the ALJ (1) erred by failing to consider her borderline age situation and thus classifying her as a "person closely approaching advanced age" (ages 50-54) rather than a "person of advanced age" (ages 55 and older); and (2) failed to properly weigh the opinion of a treating physician. (Doc. 11 at 1). The Commissioner argues that the ALJ properly evaluated Plaintiff's RFC, and based the RFC on substantial evidence in the record as a whole.

### A. Borderline Age Situation

As discussed *supra*, at Step Five of the evaluation process, the burden shifts to the Commissioner to show that the claimant has the physical RFC to perform a significant number of jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The Commissioner may refer to the Medical-Vocational Guidelines ("Guidelines") to meet this burden. *Pearsall*, 274 F.3d at 1219.

The Guidelines are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability. 20 C.F.R. Pt. 404, Subpt. P, App. 2; *McCoy v. Astrue*, 648 F.3d 605, 613 (8th Cir. 2011). The Guidelines take into account only exertional limitations and certain demographic features; they do not account for non-exertional limitations. *McCoy*, 648 F.3d at 613. Where an ALJ's findings of fact regarding a claimant's vocational factors and RFC coincide with all of the criteria of a particular Guideline rule, the rule directs a conclusion as to whether the claimant is or is not disabled, 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a); and the ALJ is to

reach the conclusion directed by the relevant Guideline – either disabled or not disabled. *Phillips*, 671 F.3d at 702.

Here, the ALJ found that Wright was limited to light work, was an individual closely approaching advanced age, and had a limited education. Under the Guidelines, Rule 202.14, such an individual is determined not disabled. *See* 20 C.F.R.§ 404.1568. However, if the ALJ had classified Wrights's age as "advanced," Guideline Rule 202.06[3] would direct a finding of disabled. *See id*.

Under the Guidelines, three age categories are specified: a younger person (under age 50), a person closely approaching advanced age (age 50-54), and a person of advanced age (age 55 or older). 20 C.F.R. § 416.963(c)-(e). Although the Commissioner is directed to use each of the age categories that applies to a claimant during the period for which the Commissioner must determine disability, the age categories are not to be applied mechanically in a "borderline situation." 20 C.F.R. § 416.963(b); *Phillips*, 671 F.3d at 702. Instead, if a claimant is "within a few days to a few months"[4] of reaching an older age category, and applying the older category

---

3

| Rule | Age | Education | Previous Work Experience | Decision |
|---|---|---|---|---|
| 201.06 (sedentary work) | Advanced age | High school graduate or more— does not provide for direct entry into skilled work | Skilled or semi-skilled—skills not transferable | Disabled |
| 202.06 (light work) | Advanced age | High school graduate or more— does not provide for direct entry into skilled work | Skilled or semi-skilled—skills not transferable | Disabled |

20 C.F.R. Pt. 404, Subpt. P, App. 2.

4  In identifying whether an individual is "within a few days to a few months of a higher age category" there are "no fixed guidelines . . . since such guidelines would themselves reflect a mechanical approach."

7

would result in a determination that the claimant is disabled, the Commissioner will consider whether to use the older age category after evaluating the overall impact of all the factors of the claimant's case. 20 C.F.R. § 416.963(b). Substantial evidence must support the Commissioner's age-category decision. *Phillips*, 671 F.3d at 707.

As noted above, the Commissioner must look to a claimant's age for all periods relevant to the disability determination. This period includes the date on which the ALJ renders the final decision. *Cf. Phillips*, 671 F.3d at 703 (look to claimant's age at the time of the ALJ's decision); *Borderline Age*, Soc. Sec. Admin., Office of Hearings and Appeals, Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-2-42, 2016 WL 1167001, at *1 (last update Mar. 25, 2016) (apply whenever age category changes within a few months after the date of adjudication). On the date of the ALJ's decision, Plaintiff was only three months and 15 days shy of her 55th birthday. Because Wright was within a few months of attaining age 55 when the ALJ rendered her decision in May 2018, and she would have been found disabled under the Guidelines if she were classified in the higher age category, the ALJ was required to determine whether it would be more appropriate to classify Wright in the higher category or to use her chronological age. HALLEX I-2-2-42, 2016 WL 1167001, at *1. "The closer in time the claimant is to the next higher age category, the more disadvantageous the claimant's age." *Id.* at *2.

In borderline age situations, the claimant must show that the higher age category is appropriate. HALLEX I-2-2-42, 2016 WL 1167001, at *2. To achieve this, "the claimant must show that [other relevant] factor(s) have a progressively more adverse impact on . . . her ability to adjust to other

---

SSR 83-10. However, a review of case law indicates that the consensus among federal courts seems to be that six months from the older age category is the extent to which courts recognize a borderline age situation. *See Ash v. Colvin*, No. 2:13-CV-47, 2014 WL 1806771, at *6-7, (N.D. W.Va. May 7, 2014) (collecting cases indicating that six months or less from the next age category are routinely considered borderline).

work as the period between [her] actual age and attainment of the next higher age category lengthens." *Id.*; *see also Phillips*, 671 F.3d at 702. Relevant factors that may impact the case include having RFC limitations that adversely affect the claimant's occupational base but do not substantially erode it. *Borderline Age*, Program Operations Manual System (POMS) DI 25015.006E (cited in HALLEX I-2-2-42, 2016 WL 1167001, at *2), *available at* https://secure.ssa.gov>poms.nsf>Inx. Where a claimant establishes at least one additional vocational adversity, the ALJ must consider applying the next age category and explain such consideration in her written decision, noting the specific factors considered. *Phillips*, 671 F.3d at 704, 707; HALLEX I-2-2-42, 2016 WL 1167001, at *3.

As demonstrated by the ALJ's RFC determination and as testified to by the vocational expert, additional vocational adversities are present in this case, including Wright's additional and significant exertional limitations that adversely affect her occupational base. The ALJ acknowledged that Wright's severe impairments impeded her ability to perform all or substantially all of the requirements of light work (Tr. 19). The ALJ was therefore required to consider whether Wright should be classified as a person of advanced age. The ALJ's decision here, however, is silent as to whether such consideration was made. In the face of the ALJ's silence on the matter, the undersigned is unable to determine if the Commissioner considered whether Wright should be moved to the higher age category. Accordingly, substantial evidence does not support the Commissioner's age-category decision. *Phillips*, 671 F.3d at 707 (and cases cited therein).

While the Commissioner concedes that this case is a borderline age situation under the Regulations and that the ALJ failed to undergo the required analysis, he argues that remand is not appropriate because the Appeals Council considered Wright's argument when it denied review. (Doc. 16 at 5). The Appeals Council, in their letter denying Wright's request for review, stated

that, "We considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category." (Tr. 1.) The Commissioner argues that this statement that the Appeals Council considered the borderline situation satisfies the Commissioner's obligation under the Regulations. This argument is misplaced. "If the Appeals Council *grants* review, its decision (absent a remand to the ALJ) becomes the [Commissioner's] final agency action that is subject to judicial review." *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) (emphasis added). Here, on the other hand, the Appeals Council considered Wright's argument and then *denied* review. This Court's statutory jurisdiction is confined to review of the "final decision of the Commissioner." 42 U.S.C. § 405(g). Because the ALJ's decision is the "final decision of the Commissioner," this Court may only review that decision, not the Appeals Council's non-final administrative decision to deny review. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992); 20 C.F.R. § 416.1481. *See also Woods v. Saul*, Case No. 4:18-CV-1431 CDP, 2019 WL 4169356, at *4 (E.D. Mo. Sept. 3, 2019).

The Commissioner directs the Court's attention to a federal district court decision from the Southern District of Alabama to support its argument that it was sufficient for the Appeals Council to address Plaintiff's borderline age situation. *See* Doc. 16 at 6, citing *Pettway v. Astrue*, No. CA 10-127-C, 2010 WL 3842365 (S.D. Ala. Sept. 27, 2010). The Court finds the *Pettway* case factually distinguishable and inapposite. In *Pettway*, the federal district court did indeed review and find adequate the Appeals Council's determination that the claimant's borderline age situation did not require evaluating her claim under the higher age category. However, unlike here, in *Pettway*, the court was faced with a situation where the Appeals Council had *granted* the claimant's request for review and fully analyzed the borderline age issue. *Pettway*, at *2-3. Here, of course, the Appeals Council denied review, and this Court is left to review the ALJ's decision, which is

clearly inadequate on this issue.

In the circumstances of this case, the ALJ's complete failure to address Wright's borderline age situation and consider whether Wright should be placed in the higher age category of a person of advanced age requires remand. Because substantial evidence does not support the ALJ's decision to classify Wright as an individual closely approaching advanced age at the time of the decision, and classification to a higher age category would result in a finding of disabled, this Court will remand the matter to the Commissioner for further proceedings.

Because this matter will be remanded to the Commissioner for further proceedings on the borderline age situation, the undersigned need not reach Plaintiff's second argument regarding whether the ALJ properly weighed the opinion of her treating physician.

## V. CONCLUSION

For all the above stated reasons, the Court finds that substantial evidence does not support the Commissioner's classification of Wright as an individual closely approaching advanced age rather than one of advanced age in her consideration of whether Wright meets the disability criteria of the Medical-Vocational Guidelines.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. §405(g) for reconsideration and further proceedings consistent with this opinion.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2020.